# CHARLESTON

PATTERSON *v.* MARTIN.

*(SNYDER, PRESIDENT, absent.)

Submitted January 11, 1890.—Decided February 1, 1890.

1. PARTITION—CONSIDERATION.

A person who once had an interest as joint-tenant with others in land, and whose interest has passed from him, can not effectually unite with his former co-tenants in a deed of partition; and such deed, for want of mutuality and consideration, will not bar the representative of such co-tenant from afterwards having a partition under the law.

2. PARTITION—EVIDENCE—POSSESSION.

A voluntary partition, not evidenced by writing, in order to defeat a right to such partition under the law, must be clearly proven and must be followed by actual possession in severalty of the several parcels, pursuant to such voluntary partition.

3. WITNESS—EVIDENCE—TRANSACTIONS WITH DECEDENTS.

A party to a suit, although he have no interest in its result, is incompetent to give evidence of a personal transaction or communication between him and a person who, at the time of the examination of such party, is dead, against a devisee of such deceased person.

*J. W. Davis* and *J. A. Preston* for appellants.

*W. W. Adams* for appellees.

BRANNON, JUDGE:

In 1829 George Alderson and John Anderson conveyed to James Patterson, Joseph Patterson and William Patterson a tract of land described as containing 150 or 200 acres, but which in fact contained more—about 400 acres—then in Greenbrier county, now in Summers county, on the waters of Meadow river. James Patterson died, having devised his interest in this land to John L. Patterson; and Joseph Patterson died, having devised his interest to John C. Patterson; and William Patterson died, having devised his interest to

*Counsel below.

Thomas P. Patterson. By deed dated November 6, 1883, John C. Patterson conveyed his one third interest in the tract to Sarah F. Martin. Under a decree of the Circuit Court of Greenbrier county in the suit of *Caraway's Ex'r* v. *Patterson's Adm'r and others*, J. W. Arbuckle, as special commissioner, sold the undivided third interest, expressly as an undivided third interest, in said tract owned by William Patterson in his lifetime, to pay his debts, and Thomas Patterson bid it in ; but this sale was set aside, and afterwards this undivided third interest was re-sold, and A. C. Snyder purchased it, and his purchase was confirmed as a purchase of such undivided third interest, and said Snyder united with said commissioner, Arbuckle, in a deed dated November 7, 1881, reciting such judical sale, and reciting that said Snyder had sold the land to the grantees in such deed, and conveying to said Sarah F. Martin for life, with remainder to Lewis M., Franklin P., Nelson, and A. C. Martin, a specific portion of said tract, by metes and bounds described as containing 188 acres.

John L. Patterson brought this present suit against Sarah F. Martin and others, asking a partition of the land between himself and John C. Patterson and Sarah F. Martin, and her children, Lewis M. and others. Sarah F. Martin answered the bill, alleging that immediately after the first judicial sale above mentioned, and before it was set aside, Thomas Patterson, James Patterson, and Joseph Patterson made a partition of said land. By an amendment of their answer on February 12, 1885, this answer is made to aver that James, Thomas and John C. Patterson executed a deed of partition between them as to the part at least that Thomas, as devisee of William, was to have, and exhibited a deed, which the answer alleged was found in John C. Patterson's possession.

This answer alleged that such partition gave Thomas Patterson the upper end, Joseph Patterson the middle, and James Patterson the lower end of said tract, which lower end was cut off from the other two interests by the county road leading from Montgomery's school-house to Lick creek, and that the parties took possession under said partition of the parcels. The answer averred that Joseph

Patterson marked the line between the portion he was to get and the portion which Thomas Patterson was to get as the William Patterson share; and that in pursuance of said partition, to carry it out and give it certainty, a deed of partition was prepared between the parties, but that Joseph Patterson died before signing it, but that it was signed by Thomas Patterson and James Patterson and acknowledged before a notary, Z. Sandige, by which deed there was conveyed to Thomas Patterson the upper end, to Joseph Patterson the middle, and to James Patterson the lower end of said tract, lying on the north of said road. No further or more definite description of the parcels under such partition is given in this answer.

This answer alleged further that after said Snyder had sold the interest of William Patterson, purchased by him of said Arbuckle, commissioner, to Sarah F. Martin and her children, James Patterson delivered said partition-deed to Henry Martin, husband of Sarah F. Martin, who took it to Lewisburg to procure its execution by John C. Patterson, the devisee of Joseph Patterson then deceased, and that he left the deed with said Snyder to procure John C. Patterson's execution of it, and it was delivered to him, and signed and acknowledged by him, and that he sent it by James Patterson to said respondents Sarah F. and Henry Martin, but that it had not reached them. It is likely this clause of the answer was before the amendment made in 1885, which filed this deed. This answer also alleged that by a deed filed with it, dated November 6, 1883, John C. Patterson conveyed his interest to Sarah F. Martin.

An order was made upon the bill and said answer before any evidence was taken, directing a commissioner to inquire what interest either of the parties had in the land, whether any partition had ever been made, and to take evidence in reference to any partition, and as to the title of any of the parties. The commissioner reported that the testimony preponderated in favor of plaintiff; that there were three undivided interests therein belonging to the parties; and that no partition had been made. The defendant, Martin, excepted, because the report found against a former partition. Thereupon the Court appointed commissioners

to divide said entire tract into three parcels, and assign one to plaintiff, one to Sarah F. Martin, and the third to Sarah F. Martin and her four children.

The commissioners filed their report,. and Sarah F. Martin and her husband and children excepted to it, on the ground that the plaintiff was assigned 153 acres, the exceptors two tracts of ninety eight and ninety five acres for their two thirds, and that the land assigned plaintiff was as good in quality as their tracts. Numerous depositions were taken ; some before the commissioner, others elsewhere. The plaintiff offered the defendants Martin the privilege of selecting either two of the three lots into which the land had been divided, and they declining to make choice, the Court confirmed such partition. Sarah F. Martin and her children appealed.

The bill alleged the community of interests as above stated, and also alleged that no partition had ever been made ; and the answer having alleged, in the manner above stated, that such partition had been made, thus denying such allegation of the bill, the appellant contends that the court below should have dismissed the bill on bill and answer, instead of referring the cause to a commissioner, to ascertain whether such partition had ever been made, and refers to *Jarrett v. Jarrett*, 11 W. Va. 584 ; *Cutting* v. *Carter*, 4 Hen. & M. 478 ; *Mitchell* v. *Allen*, 6 S. W. Rep. 745.

I do not think this contention can be sustained. Here the bill alleged the original joint-tenancy of James, Joseph, and William Patterson, and the rights of the parties as derived from them, and the answer admits this matter of the bill. Thus a tenancy in common is established, which *prima facie* entitles the plaintiff to partition. The answer sets up facts afterwards occurring to defeat this right to partition, thus introducing new matter ; and as to such new matter the burden is on defendants alleging it. The mere fact that the bill alleged that no partition had been made does not alter the case. It need not have so alleged. Having stated the tenancy in common of the parties to the suit, coming from the original joint-tenants, it was surplusage to charge that no partition had been made. *Jarrett* v. *Jarrett, supra*, decides that an issue out of chancery should not be directed, unless

63

the evidence makes a doubtful case. *Cutting* v. *Carter, supra,* decides that an account should not be made except on a hearing; nor in vacation, as the law then was. These cases seem to have no bearing here. It is true that, where all the material allegations of a bill which go to entitle the plaintiff to relief are denied, no reference should be made, and, in the absence of proof, the bill should be dismissed. The plaintiff should show his right. *Neely* v. *Jones,* 16 W. Va. 625; *Arbuckle* v. *McClanahan,* 6 W. Va. 101. But here, the matter entitling the parties *prima facie* to partition, the tenancy in common was admitted. So it would have been improper to dismiss the bill. The reference to the commissioner, if at all improper, is immaterial, for the reason that before the commissioner and elsewhere, to establish and repel the partition alleged in the answer, numerous depositions were taken, upon which, on further hearing the cause was heard.

This brings us to the question whether such a voluntary partition had been made, as would bar the plaintiff from having a partition in this suit. A deed exhibited with the answer of Martin and wife, dated March 10, 1881, which the answer says shows a partition of the whole tract into three parcels, certainly does not, in any view, go to that extent; for, at most, it sets apart and releases from James and John C. Patterson to Thomas Patterson a specific parcel of 188 acres by metes and bounds, and releases from Thomas Patterson to James and John C. Patterson the residue of the tract. This would, if said deed were effectual, prevent John L. Patterson, the plaintiff, as devisee of James Patterson, from having any partition made to include this 188 acres; for it would vest that in severalty in Thomas Patterson; but it would still leave the residue to James and John C. Patterson, and, under his devise from James Patterson, the plaintiff could ask partition of that residue in this suit. The Circuit Court disregarded that deed, and awarded a partition of the whole tract.

Is this deed effectual to bar the plaintiff from a partition to include this 188 acres? It recites that it was made under a partition mutually agreed upon on the 15th day of March, 1881. At that time Thomas Patterson had no interest in

the land and could make no partition of it; for the third which he derived from William Patterson had been sold under said decree on 19th July, 1879, and its sale had been confirmed to said Snyder as purchaser on October 30, 1879. Thomas Patterson could not then take a release from his former co-tenants, and certainly could not confer upon James Patterson a valid release to the residue. There was no mutual consideration. The deed ought to be mutually valid and efficacious to bind any one. I do not think it effectual to bar the plaintiff for the reason just stated. If it be said that the deed of said Arbuckle, commissioner, and said Snyder and the acceptance of it by Mrs. Martin, and her claim under it in this case, ratify and confirm said deed of partition, and confer safe title on the plaintiff, it is to be answered that, on comparison of said two deeds, the description of the land is not identical, and it does not certainly appear that the land described is exactly the same, or that the boundaries therein contain the same quantity. It is said that the calls in the said commissioner's deed were obtained from said deed of partition, but it does not so appear.

Counsel of plaintiff suggests other objections to said deed. While it was acknowledged by James and Joseph Patterson, it was not acknowledged by John C. Patterson. It was never recorded. John C. Patterson in a deposition states that he did not sign it, but it was afterwards found, and there is an *ex parte* certificate from him that he had signed it, and had forgotten the fact, and that he erased his name from it. It might be a question whether it was ever a completed and delivered deed; but I do not rest this decision on that ground. The special commissioner having sold an undivided interest, and having been directed to convey the same to the purchaser, could not convey a specific parcel, and the deed of said commissioner, and said Snyder, the purchaser of said undivided third, could not convey to Sarah Martin and her children the specific tract of 188 acres, so as to prevent the plaintiff, who owned another third, from having an equal partition, unless we could hold said deed between Thomas Patterson, James Patterson, and John C. Patterson effectual, because one tenant in common can not, by conveyance of a

specific parcel in the common property, bar his co-tenants from a fair partition.

The bill charges that this 188 acres, as claimed under said deed of partition, is more than a fair third, and that it is nearly one half; and the answer does not deny this, and the evidence, including that of Henry Martin, the husband and father of the parties claiming said 188 acres under said deed, shows that it is more than a fair third. Outside of this deed, no partition definite in character, accompanied by several possession, is established. If the answer can be construed to rely on any other partition, it is not manifested by any writing, and any evidence tending to show any such partition is indefinite and uncertain. To bar a right to partition conferred by law by setting up a voluntary partition, it should be manifested by a writing, or a definite oral partition into defined parts, accompanied by possession in severalty of the respective parce's, and should be clearly proven. This land was wild and unimproved. Thomas Patterson, as a witness, denies that he made or assented to any partition, and he denies the allegation of Martin's answer that, immediately after he purchased from Arbuckle, commissioner, he and James and Joseph made a partition. Henry Martin's evidence of conversations with James Patterson, wherein Patterson told him that he and Joseph and Thomas Patterson had divided the land, and that he (James) had marked a line to show the portion Thomas was to get, and describing it, and that he (James) and Joseph Patterson had given this parcel of 188 acres to Thomas Patterson, is not competent evidence against John L. Patterson, claiming as devisee of James Patterson, as said James is dead, and Henry Martin is a party. Code 1887, c. 130, § 23.

So, I think that the court did not err in finding against such alleged partition, and dividing the whole tract.

As to the exception that the partition is unequal, a very considerable amount of evidence was taken *pro* and *contra* that matter. A very considerable amount of evidence shows the partition equal and fair in value, probably fully as much as there is to the contrary. From the nature of that question, it is one of opinion or estimate. Different persons honestly differ upon such questions. The court below has confirmed

the report, and we can not disturb the decree for that cause. Therefore, the decree complained of is affirmed, with costs, and $30.00 damages to appellees.

AFFIRMED.