BROOKS *et al.*

*v.*

HUBBLE *et al.*

PEERY *v.* BROOKS *et al.*

(*Supreme Court of Appeals of Virginia, July 1, 1897.*)

[27 S. E. Rep. 585.]

### Co-Parceners—Parol Partition—Valid at Common Law.

Prior to the enactment of Code 1887, § 2413, co-parceners could make partition of their land by parol, as well as by deed.

### Same—Same—By Husband—When Binding.

If one of such co-parceners was married, her husband could make partition, which would be binding, unless, after his death, the wife or her heir could show that the part received by her husband in the partition was less in value than the part received by the other parcener.

### Same—Same—Same—Burden of Proof.

Where a parol partition of land is relied upon in defense of a bill for partition filed by one of the heirs, who was a married woman, and whose husband acted for her in the making of the partition, the burden of proof is on defendant to show, not only that the partition was made, but also which particular lot was assigned to the wife; and hence, where the wife was one of nine heirs, it was insufficient to show merely that two lots of the land were assigned to her and a co-heir jointly.

### Same—Case at Bar.

The co-heir and the husband having subsequently joined in a conveyance of the two lots, the wife was entitled to one-half of the value of each of the lots, in the absence of proof of which one was assigned to her.

Va Dec—34

Appeal from circuit court, Tazewell county.

Appeal from circuit court of city of Roanoke.

Bill by Thomas J. Brooks and others against James Hubble, James E. Peery, and others. From a decree refusing to disturb a partition set up by defendants, complainants appeal, and from a decree appointing commissioners to make a partition, defendant James E. Peery appeals. Remanded, with directions.

*Chapman & Gillespie,* for appellant James E. Peery.

*Henry & Graham* and *A. J. & S. D. May,* for Brooks and others.

*H. C. Alderson* and *Chapman & Gillespie,* for appellees James Hubble and others.

RIELY, J., delivered the opinion of the court.

This suit was brought to have partition of the land in Tazewell county, Va., which belonged to Henry Marrs, the grandfather of the complainants. Henry Marrs died intestate about the year 1831, leaving a widow and nine children, one of whom, Rebecca, had married John Brooks in the year 1825. She and her husband left Tazewell county in 1855, and moved to the state of Missouri, where she died in 1872, and her husband in 1889. They also left nine children, one of whom died, leaving four children. These children and grandchildren, heirs at law of Rebecca Brooks, instituted this suit in 1890.

The original bill and the amended bills together made defendants all persons claiming to own any part of the said tract of land. They interposed as their defense to the bill that the children of Henry Marrs, shortly after his death, assigned dower in the land to his widow, and made a parol partition of the residue

of the land among themselves, which was valid and binding upon them and their heirs, and could not now be disturbed by the complainants.   Copies of several deeds made by the children of Henry Marrs were filed as exhibits with the bills and answers, which recited the fact of such partition and division of the land into nine lots, and that one of the lots was assigned to each of the nine children,   The circuit court, by decree entered at its November term, 1893, held that a valid partition had been made of the land, exclusive of the dower, as set up by the defendants, and that the same could not be disturbed, but appointed commissioners to make partition of the land assigned to the widow as her dower.   It appearing from the copy of a deed filed by the complainants, bearing date March 27, 1835, in which the fact of such partition was clearly and distinctly recited, and that lots No. 2 and No. 6 had been assigned in the division to James Marrs and Rebecca Brooks, that James Marrs and his wife and John Brooks, the husband of the said Rebecca, had conveyed by the deed the said two lots to John Crockett, through whom James E. Peery claims lot No. 2, and certain of the defendants claim various parcels of lot No. 6, but it not being disclosed which of the two lots was assigned to Rebecca Brooks in the division, the complainants, at the said term of the court, filed their amended bill to have the two lots partitioned, and one-half of each assigned to them, and on October 2, 1894, the circuit court of the city of Roanoke, to which the cause had been removed, appointed commissioners to make such partition.   To the decree of November term, 1893, of the circuit court of Tazewell county, refusing to disturb the partition set up by the defendants, the complainants obtained an appeal from this court; and to the decree of October 2, 1894, of the circuit court of the city of Roanoke, James E. Peery, who claims lot No. 2, obtained an appeal, which appeals are now being heard together.   The claimants of lot No. 6 have not appealed.

It seems to be well settled that, by the common law, co-par-

ceners could make partition of their lands by parol, as well as by deed, and that this was the law in this state until changed by section 2413 of the Code of 1887.    Jones' Devisees v. Carter, 4 Hen. & M. 190 ; Bolling v. Teel, 76 Va. 487; Yancey v. Radford, 86 Va. 638, 10 S. E. 972 ; 1 Lomax,. Dig. 494 ; and 2 Minor, Inst. 439.    It was further the law that in making such partition, if one or more of the parceners were females, and married, their husbands could make partition between them, which would be binding during the lives of their husbands and afterwards, unless after the death of the husband the wife or her heir could show that the part received by her husband in the partition was less in value than the part received by the other parcener.    1 Bac. Abr. 449 ; Jones' Devisees v. Carter, supra ;  Bryan  v.  Stump,  8 Grat. 241 ;  and  6 Lawson, Rights, Rem. & Prac. § 2731.    It satisfactorily appears from the record that partition, as claimed by the defendants, was made of the land of Henry Marrs, except the part assigned to his widow for her dower, by the persons having the right to make it, and that John Brooks, who participated in making it in right of his wife, conveyed his estate as tenant by the curtesy in the lot assigned to his wife, the said Rebecca, to John Crockett, by the conveyance aforesaid made by James Marrs and his wife and John Brooks of lots No. 2 and No. 6 to said Crockett, but it does not appear which of the two lots was assigned to the said Rebecca.    There is no allegation or complaint that there was any inequality in the said partition.    It was made upwards of half a century ago, and it would be very inequitable and unjust to permit it to be disturbed after this great lapse of time without the allegation and clear proof of its inequality.    The court very properly, by its decree of November 25, 1893, refused to do so.

While it is true that oral partition of lands could at that time be made by co-parceners, yet where it is relied on as a defense to a bill filed by one of the parceners, or his or her heirs, for partition of a certain tract of land, the burden of

proof is on those setting it up to show clearly that such partition was made ; and it is not sufficient to show simply the fact that it was made, but the burden of proof is not lifted until it is shown to whom the several lots were assigned. Until this is done, there is only a partial and ineffectual compliance with the obligation growing out of the burden of proof, and the defense cannot avail, at least where one of the co-parceners, as in the present case, was a married woman, and is bound by the partition only through the act of her husband.

James E. Peery admits in his answer that he is in possession of, and claims title to, lot No. 2, but denies that this was the share allotted or assigned to Rebecca Brooks; and the parties claiming to own lot No. 6 deny that they are in possession of any part of the share of Rebecca Brooks in the land left by her father. Nevertheless, the fact is that the very documentary evidence on which the defendants rely to establish the parol partition shows that either lot No. 2 or No. 6 was the share in the land which was assigned to her, and that her heirs are now entitled to it. They cannot be wholly deprived of the share of their mother in the land, to which their right is not, and cannot be, questioned, because those in possession rely on a parol partition, but do not show the part assigned to her. They cannot be defeated of their right to the land, and turned out of court, simply by being told that the land was divided, but that they must find for themselves, as best they can, the lot which was assigned to their mother. To permit this would be a mockery upon the administration of equity jurisprudence. Lots No. 2 and No. 6 were jointly conveyed by James Marrs and his wife and John Brooks—they being the lots assigned respectively to James Marrs and Rebecca Brooks—to John Crockett. The parties now in possession of the lots claim title to them through Crockett, and under the said conveyance. They are charged with constructive knowledge that one of the lots belongs to the heirs of Rebecca Brooks. The nature of their defense imposes upon them the duty, as we have seen, to

show which was her lot. If they do not do so, then, as the last resort in the dispensation of justice, the complainants are entitled to one-half value of each of the said lots, as was decreed by the circuit court. But we are unwilling, in the present state of the case, to proceed to this extremity. It does not seem possible that it cannot be shown which of the two lots was assigned to Rebecca Brooks. It does not appear that the survey and plat by which the partition and allotment were made have been lost or destroyed, or cannot be produced, or that the books and papers of the surveyor, who made the division, have been examined. Nor does it satisfactorily appear, from any testimony in the cause, that the defendants are unable to show which of the two lots was assigned to the mother of the complainants.

We of are opinion that, before a final determination of the cause is had, particular inquiry should be made as to which of the said lots was assigned to Rebecca Brooks, and the cause will be remanded to the circuit court, with costs to the heirs of Rebecca Brooks, the appellees in the second appeal, as the parties substantially prevailing, in order that it may cause such inquiry to be made through one of its commissioners.