J. W. GREGORY v. HANNAH C. PINNIX ET AL.

(Filed 21 February, 1912.)

1. Pleadings—Allegations—Interpretation.

The allegations of a pleading are liberally construed with a view to substantial justice between the parties under our Code system.

2. Pleadings—Issues Raised.

An issue arises upon the pleadings when a material fact is alleged by one party and controverted by the other (Revisal, sec. 544) in special proceedings for partition of lands. Revisal, sec. 710.

3. Pleadings—Tenants in Common—Material Allegations.

In special proceedings to partition lands the allegation that the parties are tenants in common is a material one, as the right of the parties to the partition is only conferred on tenants in common. Revisal, sec. 2487.

4. Same—Issues—Questions for Jury.

When in proceedings for partition of lands, the allegation that the parties are tenants in common is denied, an issue of fact is raised which must be submitted to the determination of the jury.

5. Tenants in Common—Partition—Pleadings—Amendments—Discretion—Appeal and Error.

It is within the discretion of the trial judge to permit answers to be filed in proceedings for partitioning lands which had been stricken out by the clerk, and his action therein is not reviewable on appeal.

APPEAL from CAMDEN from order of *Cline, J.,* rendered 21 December, 1911.

This is a proceeding to sell lands for partition, heard in the Superior Court, on appeal from the Clerk of Camden County.

The petitioner alleges, among other things:

"1. That he is a tenant in common, is seized in fee, and is the owner of the following described lands lying and being in the county and State aforesaid, situated in the jurisdiction of this court and bounded as follows:"

"17. That the interest of your petitioner in said land is as follows: 291-1296.

"18. That the interests of the defendants are as follows: Mrs. Hannah C. Pinnix, 194-1296 undivided interest; N. M. Ferebee, 388-1296 undivided interest.

"That plaintiff is advised, believes, and alleges that John J. Old, John Hinton, Elizabeth Old, Lovey Grisham, Louisa Old, Hollowell Old, Jr., James Old, the persons named in count 2, as heirs at law of Hollowell Old, are dead, and that their heirs at law jointly own 423-1296 of said property, viz.:

"That the heirs at law of John J. Old, who are unknown to your petitioner, jointly own 9-1296.

"That the heirs at law or devisees of John Hinton, who are, as your petitioner is informed and believes, Mary F. Hinton, Sophia L. Sawyer (whose husband is Lee Sawyer), Charles L. Hinton, E. V. Hinton, W. E. Hinton, and R. L. Hinton, jointly own 81-1296.

"That the heirs at law of Lovey Grisham, who are unknown to your petitioner, jointly own 9-1296.

"That the heirs at law of Hollowell Old, who are unknown to your petitioner, jointly own 81-1296.

"That the heirs at law of James Old, who, as your petitioner is informed and believes, are Livius L. Old, Lula J. Walker (whose husband is L. B. Walker), James H. Old, Eva L. Ferebee (whose husband is E. D. Ferebee), Daisy E. Brooke (whose husband is T. L. Brooke), James E. Smith, James E. Old, Edward J. Smith, Mary M. Smith, Augustus C. Smith, Earl Smith, Roy Smith, Hulda F. Smith (whose husband is . . . . . . Smith), and Samuel F. Old, jointly own 81-1296 thereof."

These allegations are denied in the answers; and in addition to a denial, the defendants allege that if the petitioner had a deed for any part of the land described in the petition he owned no beneficial interest therein, but held the title, if any he had, for the Richmond Cedar Works.

In this condition of the pleadings, his Honor held that issues of fact were raised, and directed that the same be tried before a jury, to which the petitioner excepted.

His Honor also permitted certain answers to be filed, which had been stricken out by the clerk, because not filed within the time prescribed by law, and the petitioner excepted.

The appeal is by the petitioner from the order setting aside the order of sale made by the clerk, and directing that the issues of fact be passed on.

*J. C. B. Ehringhaus and G. W. Ward for plaintiff.*

*J. K. Wilson, W. A. Worth, E. F. Aydlett, and J. C. Biggs for defendant.*

ALLEN, J. The ruling of his Honor, that the denial in the answer of the allegation in the petition, that the petitioner is a tenant in common with the defendants, and is seized in fee, raises an issue of fact, would not be questioned but for certain expressions in several of our decisions which, considered without reference to the facts in the cases and the history of proceedings in partition, would render it doubtful.

The first of these cases is *Purvis v. Wilson,* 50 N. C., 23, in which *Pearson, C. J.,* says that the plea by the defendant in partition of *non tenent insimul* is the plea of sole seizin, and

that this raises the general issue; and this is followed by *Wright v. McCormick,* 69 N. C., 15, in which the same judge says: "The plea of 'sole seizin' must be put in before the order for partition is made, otherwise it is waived, and the parties are, for the purposes of the proceeding, taken to be seized as tenants in common."

In another case, *Honeycutt v. Brooks,* 116 N. C., 792, *Furches, J.,* says: "Plaintiffs allege that they are tenants in common with defendants in said lands. The said defendants answer and deny that plaintiffs are the owners of the lands mentioned in their complaint, and plead *'non tenent insimul'* (sole seizin in themselves), which is the 'general issue' in a proceeding for partition"; and in *Graves v. Barrett,* 126 N. C., 269, the present *Chief Justice* makes substantially the same statement: "But in a petition, title is not in issue, unless the defendants put it in issue by pleading 'sole seizin.'"

In *Purvis v. Wilson* and in *Honeycutt v. Brooks* sole seizin was pleaded, and the question of the effect of the denial of the allegation that the petitioner and the defendant were tenants in common was not raised.

In *Wright v. McCormick* it does not appear that the defendant denied the tenancy in common, and in *Graves v. Barrett* there was no plea of sole seizin, and the Court approved the proceeding in which issues were submitted to the jury upon a denial of the cotenancy.

It appears, therefore, that the ruling of his Honor is not in conflict with the decisions relied on by the petitioner, and the appearance of conflict doubtless arose by treating the plea of *non tenent insimul* as synonymous with the plea of sole seizin, because it is more comprehensive and includes it.

In Sellon's Practice, vol. 2, p. 314, the author says, speaking of pleadings in partition: "To the declaration there can be no plea in abatement, since the statute 8 and 9 W. 3 c. 31 f. 3. Nor shall the writ abate by the death of the defendant. And if he pleads in bar, he can plead no other plea than *non tenent insimul,* for every other plea in bar is tantamount to *non tenent insimul.* Upon which plea issue may be taken, and the parties proceed to trial as in other cases."

The definition of the plea *non tenent insimul,* as given by Bouvier, is, "A plea to an action in partition, by which the defendant denies that he holds the property which is the subject of the suit, together with the complainant or plaintiff," and by Black: "A plea to an action in partition, by which the defendant denies that he and the plaintiff are joint tenants of the estate in question."

The plea is in substance a denial of the tenancy in common, as appears from the following form: "And the said C. D., by G. H., his attorney, comes and says that he did not hold the premises in said petition of the said A. B. set forth, together with the said A. B. at the time of the commencement of the proceedings in this cause, as alleged in said petition of the said A. B.; and of this he, the said C. D., puts himself upon the country." Tillinghast Forms, 625.

It would seem, therefore, that the denial of the cotenancy, while not technically the plea of *non tenent insimul,* is substantially the same, and at this day, when substance is not sacrificed to form, would be held to permit the same defenses under it if the question was to be determined at common law.

The construction of the pleadings is not, however, controlled by the rules of the common law, but by the Code system, and as was said in *Stokes v. Taylor,* 104 N. C., 395, and approved in *Brewer v. Wynne,* 154 N. C., 471: "The rule of the common law was that every pleading should be construed strongly against the pleader. The Code system is just the reverse. 'In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties.' "

The difference between the two is well stated, with reference to the plea under consideration, in 30 Cyc., 225, in an article by Mr. Freeman, the editor of the American Decisions and the American State Reports and the author of a treatise on Cotenancy and Partition: "The plea of *non tenent insimul* constituted the general issue in actions of partition at common law. Every allowable plea which could be interposed amounted to *non tenent insimul.* This plea put in issue all the material allegations of the complaint, and seems to have been so adequate

as to authorize defendant to place in evidence every conceivable fact which, if proved, would prevent plaintiff's recovery. Under the Code rules of pleading the general issue is made by a general denial. Therefore such a denial or any form, either of allegation or of denial, which necessarily negatives the idea that plaintiff and defendant were cotenants at the commencement of the action must be sufficient where the only object of the pleader is to defeat plaintiff's claim to partition, and anything less than this must be insufficient."

The rules of civil procedure are applicable to special proceedings (Revisal, sec. 710), and one of these rules is that an issue arises on the pleadings when a material fact is maintained by one party and controverted by the other. Revisal, sec. 544.

The materiality of the allegation that the petitioner is a tenant in common with the defendant is apparent, as the right to institute the proceeding for partition is conferred only on tenants in common (Revisal, sec. 2487), and it is upon this ground that judgments in partition are held to estop as to the title. *Armfield v. Moore,* 44 N. C., 164; *Carter v. White,* 134 N. C., 474; *Buchanan v. Harrington,* 152 N. C., 334.

In the last case, *Justice Manning* says: "We apprehend, however, that whenever plaintiff alleges himself to be the owner in fee, or of any specified estate, or avers any other ultimate fact under which he is entitled to relief, it becomes the duty of the defendant either to concede or take issue with the allegation or averment, and that the judgment in the action will be as conclusive as it would upon a like issue in any other action."

We therefore conclude that his Honor held correctly that the denial of the cotenancy raised an issue of fact for the determination of the jury.

We are also of opinion that his Honor had the power to permit the answers to be filed, and that the exercise of his discretion is not reviewable. *Faison v. Williams,* 121 N. C., 152.

In this case the Court says: "It is unnecessary to consider whether the judge could reverse the action of the clerk in refusing leave to amend, for the act of 1887, ch. 276 (amending section 255 of The Code), provides that whenever a cause is sent up to the judge *for any ground whatever,* the 'judge shall have

jurisdiction,' and may either fully determine the cause himself or make orders therein and send it back to be proceeded in by the clerk."

Upon an examination of the record, we find no error.

Affirmed.