CLARK *v.* DODDS *et al.*

(*Nashville,* December Term, 1947.)

Opinion filed January 16, 1948.

Rehearing denied February 28, 1948.

BARTELS & BARTELS, of Memphis, for complainant.

W. G. CAVETT, of Memphis, for defendants.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The origin of this suit was a bill in Chancery filed by Mrs. Maurine Glenn Clark against her sister, Carolyn Glenn Dodds, and her brother, Hugh B. Glenn. The purpose of the suit was to procure a partition in kind of two tracts of land, if practicable; otherwise, by sale and division of purchase money.

The bill alleged that the grandfather of complainant and defendants did by deed of record in a specified book and page of the register's office of Shelby County convey one tract of this land to their father for life and at the father's death to his children, and that their grandfather by will probated in the Probate Court of Shelby County devised the other tract to their father for life and at the father's death to his children. It was then alleged that this father, Hugh B. Glenn, died in February of 1945 before the filing of the bill in December thereafter, and that the complainant and her brother and sister, the two defendants, are all the children and heirs at law of the said Hugh B. Glenn, and that at his death "said tracts of land immediately became vested in the children of the said Hugh B. Glenn—each being entitled as tenants in common to an undivided one-third interest therein" and that these three children "are the sole owners of the property."

The answer of the brother and sister admit the allegations with reference to the deed and will and death of their father leaving the three children above mentioned as all

his heirs. The answer then states that these three children thereby "were—tenants in common in said lands," but denied that complainant is entitled to partition because, so they allege, there was an oral partition after their father's death, and that each of the three children has taken possession of the part so allotted to him or her. The defendants demanded a jury and filed for submission to it this issue of fact: "Did the said Maurine Glenn Clark enter into an oral agreement or partition,—and did each one go into possession of their respective portions of land prior to the filing of the bill in this cause?"

When the case was reached on the call of the docket each counsel stated his version of the case to the jury, and the Chancellor then "directed complainant to present her proof." Her counsel replied that she "had no proof in chief to offer." Thereupon, on motion of defendants and over objection of complainant, the Chancellor withdrew the case from the jury and dismissed the bill, holding that complainant had failed her duty to prove that she and the defendants were tenants in common, or that she had any title in the land at the time she filed her suit. The Court of Appeals in reversing this decree of the Chancellor said: "The answer admits all the allegations as to title but denies the right of partition by reason of an alleged oral partition—the defense of an oral partition is affirmative and the burden of proof is upon the defendants on that question." We granted original defendants' petition for *certiorari*, wherein they complain of this holding of the Court of Appeals.

The bill alleged the existence at the time of its filing of a tenancy in common and the recorded chain of title back to the source common to complainant and defendants, and the resulting rights of the parties. The defendants in their answer admit the chain of title, but

in order to avoid the partition, allege an affirmative fact which they say occurred after they became tenants in common, to wit, an oral partition and possession thereunder. So, the point at issue is whether it is the duty of the defendants to first offer evidence to establish the oral partition and possession which they allege or whether it is the duty of the complainant to first offer evidence that there has been no oral partition.

In *City National Bank* v. *Barnes*, 164 Tenn. 450, 453, 51 S. W. (2d) 503, 504, it was held that "the burden of proof . . . rests upon that party whose material affirmative allegations are not expressly, or impliedly, admitted by his adversary." The defendants made the "material affirmative allegations" that there had been an oral partition of the land, thereby destroying the otherwise admitted tenancy in common. Tested by this rule, it would seem to be the duty of the defendants in the state of the pleadings to first offer proof in support of their affirmative allegation that an oral partition had occurred after the three became tenants in common.

These defendants, in support of their insistence that it is the duty of the complainant to first offer proof that there had been no partition since the three became tenants in common, cite Section 1061 of Gibson's Suits in Chancery wherein it is stated that "if any of them dispute complainant's right to a partition, the complainant must make such proof as would entitle him to a recovery in ejectment." In *Worthan* v. *Cherry*, 40 Tenn. 468, 470, it is held that "it is a well established principle in the action of ejectment, that where both parties claim title under the same third person, it is sufficient to prove the derivation of title from him." In *Hyder* v. *Butler*, 103 Tenn. 289, 297, 52 S. W. 876, 878, it was held: "In the next place, it is urged that the plaintiff cannot recover the land now

in dispute, because he has not made a full deraignment of his title. He has in fact produced only the deed of the sheriff and the record supporting it; yet that is sufficient, since he and the defendant both claim under Maupin. Deraignment to the common source is all that the law requires in such a case." The complainant in this case has deraigned title to the common source and that deraignment has been admitted by the answer. It would seem, therefore, under these authorities that complainant has complied with this rule, as stated by Gibson.

The text of 47 *Corpus Juris*, page 420, Section 383, in so far as pertinent to this question, is in this language: "If an agreement for partition or an executed prior partition agreement is set up by defendant, the burden is on him to prove it." In support of this text, the writer cites the Virginia case of *Brooks* v. *Hubble*, 27 S. E. 585, and the Illinois case of *Page* v. *Page*, 301 Ill. 191, 133 N. E. 658. In the Virginia case [27 S. E. 586], the Court held: "It is true that oral partition of lands could at that time be made by co-parceners, yet where it is relied on as a defense to a bill filed by one of the parceners, or his or her heirs, for partition of a certain tract of land, the burden of proof is on those setting it up to show clearly that such partition was made; and, it is not sufficient to show simply the fact that it was made, but the burden of proof is not lifted until it is shown to whom the several lots were assigned. Until this is done, there is only a partial and ineffectual compliance with the obligation growing out of the burden of proof."

In the Illinois case [301 Ill. 191, 133 N. E. 659] referred to the language of the Court is: "The only serious contest in the case is as to the alleged agreement fixing the division line between the two owners. The complainant does not question the right of the defendant to have such an

agreement enforced in this proceeding, but denies that any such agreement was made."

The Court after discussing the evidence held "the burden of proving the agreement was on the defendant." The West Virginia case of *Patterson* v. *Martin*, 33 W. Va. 494, 10 S. E. 817, 818, is directly in point. In that case the Court said : "The bill alleged the community of interests as above stated, and also alleged that no partition had ever been made; and the answer having alleged, in the manner above stated, that such partition had been made, thus denying such allegation of the bill, the appellant contends that the court below should have dismissed the bill on bill and answers, instead of referring the cause to a commissioner, to ascertain whether such partition had ever been made. . . . I do not think this contention can be sustained. Here the bill alleged the original joint tenancy of James, Joseph, and William Patterson, and the rights of the parties as derived from them, and the answer admits this matter of the bill. Thus a tenancy in common is established, which *prima facie* entitles the plaintiff to partition. The answer sets up facts afterwards occurring to defeat this right to partition, thus introducing new matter; and as to such new matter the burden is on defendants alleging it. The mere fact that the bill alleged that no partition had been made does not alter the case. It need not have so alleged. Having stated the tenancy in common of the parties to the suit, coming from the original joint tenants, it was surplusage to charge that no partition had been made."

We do not think the cases referred to and relied upon by the original defendants support their insistence, or are in point here. It would unduly lengthen this opinion to point out the various distinctions, as we conceive them. However, for such reference as any one interested may

care to make, the principal cases referred to are *Gregory* v. *Pinnix,* 158 N. C. 147, 73 S. E. 814; *Chaney* v. *Bevins,* Ky. 96 S. W. 1129; *Brown* v. *Brown,* 133 Ind. 476, 33 N. E. 615; *Glovier* v. *Dingus,* 173 Va. 268, 4 S. E. (2d) 551, 133 A. L. R. 468. The case of *Rhea* v. *Craig,* reported in 141 N. C. 602, 54 S. E. 408, 8 Ann. Cas. 400, is to the same effect as the above referred to and quoted from cases of *Brooks* v. *Hubble,* 27 S. E. 585, *Page* v. *Page,* 301 Ill. 191, 133 N. E. 658, and *Patterson* v. *Martin,* 33 W. Va. 494, 10 S. E. 817. We do not understand that this case has been overruled by *Gregory* v. *Pinnix,* 158 N. C. 147, 73 S. E. 814, as insisted by original defendants. Assuming, however, that *Gregory* v. *Pinnix* supports the insistence of these defendants, nevertheless, under the authorities hereinabove referred to and quoted and on principle, we think the better and more logical rule, the rule more consistent with the legal effect of pleadings and procedure thereunder, is that when the defendant to a partition suit admits the title deraigned by the complainant back to a source common to complainant and defendant but resists the partition solely on the affirmative allegation that there has been an oral partition between them and possession thereunder, then the burden of proof on that affirmative allegation rests upon the defendant alleging it, and it is the duty of such defendant to first introduce proof in support of such affirmative allegation.

The Court of Appeals was of the opinion that the original defendants should be given the opportunity to present evidence in support of their affirmative allegation that an oral partition and possession thereunder had been made, and remanded the case for proper proceedings consistent with that view. The original complainant, Mrs. Clark, acting under the authority of Chapter 20, Pub. Acts of 1947, has assigned this holding of the Court as

error. Her insistence is that in as much as the Chancellor had withdrawn the case from the jury the sole question involved was one of law, and that the original defendants having failed to carry the burden of proof upon their affirmative allegation of a partition and possession thereunder, it became the duty of the Chancellor to enter a decree sustaining her prayer for partition, and that such decree should be entered.

The question only became one of law because of the error of the Chancellor in holding that the duty rested upon the complainant to first introduce evidence to negative the affirmative allegation of the answer. Except for this error, there would have remained open for proof the question of fact as to whether an oral partition agreement and possession thereunder had been made. This mistake of the Chancellor has now been corrected. That question of fact, therefore, remains for determination and, as held by the Court of Appeals, defendants are entitled to be afforded an opportunity to introduce evidence in support of this, their insistence of fact.

The decree of the Court of Appeals reversing the decree of the Chancellor and remanding the cause for further proceedings in accordance with its opinion and decree is in all respects affirmed.

All concur.