G. H. MITCHELL v. T. W. HOGGARD.

*Devise—Tenants in Common—Action to Recover Land—
Trial—Judge's Charge.*

1. A devise to "my daughter E. and my grandson G. one tract of land adjoining lands of H. and M., lying on the south side of the road leading from M. to W., to be divided between the two as follows, * * * so that my daughter E. shall have adjoining the lands of B. and G., the lands adjoining the lands of H. and others, to them and their heirs forever," did not create an estate in common in the entire tract, but an estate in severalty in the devisees respectively to the parcels as established by the dividing line.

2. An erroneous instruction to the jury upon an immaterial aspect of the case, which does not appear to have misled the minds of the jury from the real issue, is not sufficient ground for a new trial.

CIVIL ACTION, tried at February Term, 1891, of BERTIE Superior Court, *Graves, J.*, presiding.

It appears that George Wynns died many years ago in the county of Bertie, leaving a will, which was duly proven, wherein he devised part of his real estate as follows:

"I give to my daughter, Elizabeth Burden, and my grandson, George H. Mitchell, one tract or parcel of land adjoining the lands of Elisha Hoggard and Giles Mitchell, lying on the south side of the road leading from Giles Mitchell's to Windsor, to be divided between the two as follows: The

108—23

dividing line to begin near the place called the Watering Hole on the road, thence running straight to the back line, so that my daughter Elizabeth shall have adjoining the lands of Abram Burden, her husband, and Giles Mitchell and George H. Mitchell, to the parcel adjoining Elisha Hoggard and others, to them and their heirs forever." And there is no other part of the will relating to the same or affecting it.

The plaintiff is the male devisee mentioned in this clause of the will, and the defendant claims the land in question, deriving title thereto from the *feme* devisee therein mentioned.

The action is brought to recover possession of part of the land so devised to the plaintiff, and as specified in the complaint. He alleges and contends that the " watering hole on the road," designated in the devise as the beginning of the boundary line, is at a point alleged and specified in the complaint, and that the defendant is in the possession of land described on the plaintiff's side of that line, etc.

The defendant, in his answer, admits the will and the devise therein; alleges that he is the owner of the land so devised to the *feme* devisee mentioned, and denies that he is in possession of any part of the plaintiff's land, etc.

The case settled on appeal states that on the trial "one of the main points in the controversy was the location of the beginning point on the road for dividing the land," that is, the " watering hole," each party claiming a different location.

The following issue was submitted to the jury: " Is the plaintiff entitled to the possession of the land described in the complaint? "

The plaintiff asked the Court, upon the pleadings, proofs and admissions of the defendant, to answer that issue Yes.

This the Court refused, saying that he would reserve any question growing out of the pleadings and tenancy in common until after the verdict. To the refusal so to instruct the jury, the plaintiff excepted.

The jury answered the issue thus: "No; we find the watering hole, claimed by the defendant, the starting place."

Upon the return of the verdict the plaintiff again asked for judgment for the possession of the land with the defendant, which was refused by the Court, and the plaintiff again excepted.

· There was no evidence of any ouster of plaintiff by defendant, or demand of plaintiff to be let into possession, and refusal by defendant.

No demand of plaintiff, as averred, that the Court should instruct the jury to respond to the issue, Yes.

His Honor instructed the jury, that as a matter of law, plaintiff and defendant were tenants in common, and the dispute was the beginning point on the road—plaintiff claiming one place and defendant another—and it was for them to say, from the evidence, which point was intended by the testator George Wynns, and they responded accordingly.

·Upon the verdict, the Court gave judgment for the defendant, and the plaintiff appealed to this Court.

*Mr. R. B. Peebles*, for plaintiff.
*Mr. D. C. Winston*, for defendant.

MERRIMON, C. J.—after stating the case: The case settled on appeal is not at all free from confusion. It seems that the plaintiff contended, on the trial, that he and defendant were tenants in common of the land in controversy, and the Court so held; but, it held further in this connection that there was no evidence of ouster of the plaintiff or demand on his part that he be let into possession But such questions were certainly not raised by the pleadings in any view of them.

The complaint plainly alleges that the plaintiff is the owner of the land therein specified; that the defendant is wrongfully in possession thereof and unlawfully withholds the same, etc. This the defendant denies, and as to the pos-

session, a proper issue raised was submitted to the jury. The parties both claim under the devise above recited. It seems that the Court was of opinion that this devise made the parties tenants in common, and hence the opinion expressed—that they were. We think such opinion was not well founded, and therefore the plaintiff was not entitled to any benefit from it in any aspect of the case. The devise must be construed as a whole, and the intention of the testator must prevail. The first part of the devising clause simply declares the testator's purpose to devise the tract to the devisees named, but in that immediate connection he qualifies, explains and makes his purpose specific by designating and specifying a "dividing line," cutting the tract into two distinct parts, and devising to his daughter named the part described, situate on one side of that line, and to the plaintiff the other part, sufficiently designated, situate immediately on the opposite side of that line. The clear purpose was to divide the tract into two parts, and devise one part to the plaintiff in severalty and the other part to the other devisee in severalty.

It seems that the real dispute on the trial was as to the true location of the "dividing line." It is stated in the case settled on appeal that "one of the main points in the controversy was the location of the beginning point on the road for dividing the land—that is, the 'watering hole'—each party claiming different location." So far as we can see, the parties were not tenants in common, and no question in that respect could arise. The plaintiff contended that the "watering hole" was at one point, the defendant that it was at a different point on the road mentioned, and the true location of the "dividing line" depended upon whether the contention of the plaintiff or that of the defendant was well founded. The cause of action and the pleadings might appropriately and pertinently raise such contentions. It sufficiently appears that such was the real ground of the

controversy, and the Court instructed the jury that "it was for them to say, from the evidence, what point was intended by the testator," etc. There was no exception to this instruction. The evidence produced on the trial was sent up. It tended very strongly to prove that the " watering hole" was at the point contended for by the defendant and the jury so found. Upon the verdict the Court properly gave judgment for the defendant.

It is true, as we have seen, that the Court erroneously said on the trial that the parties were tenants in common of the land, but the opinion thus expressed was immaterial and not at all pertinent. It did not in its nature mislead or distract the minds of the jury as to the issue submitted to them. It had no application. It is not suggested nor does it appear that it did. It was harmless, and therefore not ground for a new trial.

The judgment must therefore be affirmed.

Affirmed.