### W. W. MIDGETT v. JOHN D. MIDGETT et al.

*Devise—Tenancy in Common.*

1. Where a will devising lands to several persons, locates the lands by name, or by metes and bounds, so that each party knows his lands or where they are located, with such certainty that a surveyor can locate them without extrinsic aid, the devisees hold in severalty and not in common.

2. A direction in a will that lands devised to four persons shall be devided into four parts, "share and share alike," constitutes the devisees tenants in common.

3. Where a testator devised to each of four sons a fourth part of a tract of land; that given to the first, to begin in the west line of a neighbor C, that given to the second to begin in the west line of the first named son, and so on, each succeeding part to begin in the western line of the part next before given, and the shares were not otherwise located or designated, and the will further provided that the upland belonging to the whole tract should be examined by "good and punctual men," and be equally divided into four parts, share and share alike, by running straight lines across the land; *Held*, that the devise was to the sons as tenants in common, and the land should be divided equally as to value and not as to quantity, preserving the order of location directed in the will; the first son's part to be next to neighbor C, the second son's part to be next to the first son's, and so on. In case of such a devise, the tenancy being in common, a proceeding for partition was properly brought by one desiring to hold in severalty and an order dissmissing it was erroneous.

PROCEEDING for partition of land, brought by the plaintiff before the Clerk of the Superior Court of DARE, and heard on *demurrer ore tenus*, and, on motion to dismiss for want of jurisdiction, before *McIver, J.*, at Fall Term, 1894, of said court.

The facts are stated in the opinion of Associate Justice FURCHES.

*Messrs. MacRae & Day*, for plaintiff (appellant).
No counsel, *contra*.

FURCHES, J. : Edward Mann died leaving a last will and testament devising his lands to his four sons as follows :

"2. I give and bequeath unto my son Spencer D. Mann, one-fourth part of all the lands I possess, beginning at Joseph Caroon's N. W. line, running N. W. by a straight line across the land, with all appertaining to it.

"3. I give and bequeath to my son Samuel E. Mann, one-fourth part of all the lands I own, beginning at Spencer D. Mann's N. W. line, running N. W., with all appertaining to it.

"4. I give and bequeath unto my son Thos. R. Mann, one-fourth part of all the lands I own, beginning at Samuel E. Mann's N. W. line, running N. W., with all appertaining to it.

"5. I give and bequeath to my son W. K. Mann, one-fourth part of all the land I own, beginning at Thos. R. Mann's N. W. line, running N. W., with all appertaining to it.

"The amount of land and marsh agreeable to estimation is six hundred and seventy acres. I request that the upland be examined by good punctual men and as far N. W. as considered to be fit for cultivation. I want to begin at Joseph Caroon's N. W. line and be equally divided unto four parts, share and share alike, by running straight lines across the land from the water to the back lines. The N. W. of privilege land and marsh, I wish to be equal to each brother for range."

The plaintiff and defendants are the devisess and assignees of devisees named in the will. The plaintiff, wishing to hold his part of the land in severalty, brings this special proceeding in the Superior Court of Dare county (the land lying in that county) alleges a tenancy in common, and asks for partition. Defendants answered. But at the trial term they demurred *ore tenus* and alleged that by

the terms of the will they held their lands in severalty, and not as tenants in common. And the Court being of opinion with defendants, dismissed the proceeding and plaintiff excepted and appealed. In this ruling and judgment there is error.

The general rule seems to be that when the will locates the lands devised by name or by metes and bounds so that each party knows his land ; or when they are located with such certainty that a surveyor can take the will and locate them without other aid, then the devisees would hold in severalty and not as tenants in common. In this case, did the parties know where their metes and bounds were, or could a surveyor take the will and locate the different lots ? We think not. The upland is to be examined by good "punctual men" as far north-west as considered to be fit for cultivation. Why have it examined by these good men, if it is to be divided according to quantity, without regard to value ? The division is to be equal. But equal in value as we think. This provision of the will requiring the land to be examined by good men is inconsistent with the idea that quantity alone was to be considered in making the division.

Besides this, the lands are to be divided into four parts "share and share alike". This provision itself, *ex vi termini* used in a will, constitutes the devisees tenants in common. *Watts* v. *Clardy*, 2 Fla., 387 ; *Holdbrook* v. *Fenney*, 4 Mass., 567 ; *Nye* v. *Drake*, 9 Pick , 37.

We are therefore of the opinion that plaintiff and defendants are tenants in common, and that the ruling of the court and the judgment appealed from are erroneous. The proceeding should be restored to the docket and proceeded with according to the law in cases for partition among tenants in common, and it is so ordered. But the terms of the will should be observed as to the order of

locating the shares of the different devisees.    Spencer Mann's being next Joseph Caroon's N. W. line, and so on, as provided in the will.

Error..