WALTER E. MORTON v. BLADES LUMBER COMPANY et al.

(Filed 8 March, 1911.)

1. Deeds and Conveyances—Husband and Wife—Entireties—Survivorship.

When land is conveyed to husband and wife jointly they take by entireties, and upon the death of one the whole belongs to the survivor.

2. Same—Tenants in Common—Partition—Evidence.

When lands are purchased by the husband, and under his instruction are conveyed to him and his wife, jointly, by deed of bargain and sale, with full covenants of warranty, the doctrine of survivorship is not affected by the fact that the lands so purchased were a part of lands conveyed by his father, W., to a guardian for the benefit of the children of W., there being no evidence upon the face of the deed to the husband that it was made in pursuance of a scheme to divide lands held in common among the children of W. *Harrington v. Rawls*, 131 N. C., 40; 136 N. C., 65, and *Sprinkle v. Spainhour*, 149 N. C., 224, cited and distinguished.

APPEAL by plaintiff from *Ward, J.*, at November Term, 1910, of CRAVEN.

The facts and issues are more fully stated in the appeal of the defendant, the Blades Company, and incorporated, in this case, in the opinion of the Court by *Mr. Justice Brown.*

His Honor directed the jury to answer the first issue "Yes." Plaintiffs excepted and appealed. This issue is as follows:

1. Did Mollie E. Morton, widow of M. F. Morton, become the owner in fee of the lands in question at the death of M. F. Morton? Answer: Yes.

*W. D. McIver for plaintiffs.*

*Guion & Guion, Moore & Dunn for defendant, the Blades Company.*

*No counsel or brief for defendant Mollie E. Morton.*

BROWN, J.  The plaintiffs are the children of the defendant Mollie E. Morton and of her husband, Mike F. Morton, who died intestate, leaving plaintiffs as his heirs at law.

The land in controversy was originally the property of William Martin, who conveyed it with other lands to D. W. Morton, guardian of his four children, M. F., D. W., J. A., and Kate A. Morton, by deed dated 12 January, 1881.

The tract in controversy was conveyed on 12 June, 1891, by Joseph A. Morton and wife to Michael F. Morton and Mollie E. Morton, his wife, by deed of bargain and sale, with full covenants of warranty, for the consideration of $500, and is the only tract described in the deed.

It is claimed by the defendant Mollie E. Morton, as well as by the Blades Company, that when her husband died she acquired the title in fee by survivorship.

The plaintiffs claim that the deed was intended as a partition of the lands conveyed by William Martin to D. W. Morton, guardian, and that the doctrine of survivorship does not apply, upon the principle laid down in *Harrington v. Rawls,* 131 N. C., 40; same case, 136 N. C., 65; *Sprinkle v. Spainhour,* 149 N. C., 224.

We do not think that the principle upon which those cases were decided applies here.  There is no evidence upon its face, or otherwise, that the deed to M. F. Morton and wife was made in pursuance of a scheme to divide lands held as tenants in common by the children of D. W. Morton, one of whom was M. F. Morton.

In *Harrington v. Rawls, supra,* it appears that several mutual quitclaim deeds were executed dividing certain lands among the tenants in common, one of whom was Mrs. Briley. Instead of the quitclaim deed being made to her, it was made to her and her husband.  After her death the husband claimed the land by survivorship.  This Court held that the quitclaim

partition deed conveyed no title to the husband, but was only a severance of the unity of possession. It is said in the opinion that "Elsie Briley took no new title by purchase, but held by descent from her father, and the insertion of her husband's name in the mutual deeds of quitclaim and release conveyed nothing to him."

The deed in this case is not a quitclaim, but a deed of bargain and sale, with full covenants of warranty, accepted by the husband, and doubtless made in manner and form at his instance as a provision for his wife if she should survive him.

As the husband purchased the property and paid the purchase price of $500 for it, he had full power to have the deed made to him and his wife, and is presumed to know the legal effect of his act.

A very different case is presented where the husband has a deed for property belonging to or paid for by the wife made to himself and to her jointly for the purpose of survivorship. It is needless to discuss that question now.

We see nothing in this case which takes it out of the well-settled doctrine of the common law, that when land is conveyed to husband and wife jointly they take by entireties, and upon the death of one the whole belongs to the survivor. This has been decided so often by this Court that it is not necessary to cite the cases. They will be found all through our Reports from *Topping v. Sadler,* 50 N. C., 357, to *Hood v. Mercer,* 150 N. C., 699.

The judgment of the Superior Court upon plaintiff's appeal is

Affirmed.