BETTIE T. BUNTING v. BETTIE ANNA TILLITT COBB AND HUSBAND, JOHN EDWARD COBB, JR., BESS S. TILLITT GREGORY AND HUSBAND, P. P. GREGORY, GIDEON TILLITT GODFREY AND HUSBAND, WILL GODFREY, BESS TILLITT GODFREY, A MINOR, AND ANY UNBORN ISSUE OF BESS S. TILLITT GREGORY AND GIDEON TILLITT GODFREY, P. P. GREGORY, GUARDIAN AD LITEM FOR ANY UNBORN ISSUE OF BESS T. GREGORY, W. S. GODFREY, GUARDIAN AD LITEM FOR BESS T. GODFREY AND ANY UNBORN ISSUE OF GIDEON T. GODFREY, AND R. CLARENCE DOZIER, JR., GUARDIAN AD LITEM FOR ALL PERSONS WHO MAY BECOME REMAINDERMEN IN THE LANDS THE SUBJECT MATTER OF THIS PROCEEDING, WHETHER MINORS OR PERSONS UNDER OTHER DISABILITY, OR PERSONS NOT IN BEING, OR PERSONS WHOSE NAMES AND RESIDENCES ARE NOT KNOWN, OR PERSONS WHO MAY IN ANY CONTINGENCY BE INTERESTED IN SAID LANDS, BUT BECAUSE OF SUCH CONTINGENCY CANNOT BE ASCERTAINED.

(Filed 19 September, 1951.)

**1. Partition § 1a—**

A vested remainderman in real estate as a joint tenant or tenant in common is entitled to partition of the land provided partition or sale for partition does not interfere with the possession of the life tenants during the existence of their estates. G.S. 46-23.

**2. Tenants in Common § 3: Estates § 16—**

G.S. 41-2 does not preclude the parties from providing for survivorship in realty by written contract or in personalty by verbal agreement.

**3. Wills § 33c—Under terms of this will, children of each life tenant, upon the death of the life tenant, took vested fee in that part of remainder in which life tenant held life estate.**

Testatrix devised her lands to her children for life with provision that upon death of any child without leaving lineal descendants such child's share should go to her surviving brother and sisters for life with further provision that upon the death of any child leaving lineal descendants the remainder after the life estate should vest in the deceased child's lineal descendants in fee simple. By later item it was provided that timber from the lands might be sold upon agreement of a majority of the life tenants and the proceeds of sale divided equally among testatrix' children and used by them in their unrestrained discretion, with further provision that unspent proceeds of sale or land purchased with proceeds of sale should descend under the will as realty. *Held:* Upon the death of a life tenant without surviving issue the life estate of each life tenant was increased proportionately, and upon the later death of another life tenant leaving a child him surviving, such surviving child took a vested fee in her father's share which was not subject to the respective life estates of the surviving life tenants, and the right of the surviving life tenants to sell timber is limited to that part of the remainder in which they hold their respective life estates, plus any other unallotted or undivided interest.

**4. Partition § 1a—**

A child of one life tenant in common who takes vested remainder in fee upon the death of her parent is entitled to partition as against the surviving life tenants and the contingent remaindermen, and the right to such

partition is not affected by the fact that she might later inherit the fee in a part of the remainder in which other life tenants hold their respective life estates.

VALENTINE, J., took no part in the consideration or decision of this case.

PETITIONER and respondents appeal from *Morris, J.,* March Term, 1951, of CAMDEN.

This is a special proceeding for the partition of certain lands devised in the last will and testament of Mrs. Bettie F. Tillitt, a widow, who died in 1925, leaving surviving her five children, viz.: Arkie Marchant Tillitt Grandy, a daughter, who died 22 July, 1933, leaving no children; D. Howard Tillitt, a son, who died 13 April, 1940, leaving one child, the defendant Bettie Anna Tillitt Cobb; Bruce Martin Tillitt, a son, who died 14 January, 1943, leaving one child, Bettie T. Bunting, the petitioner; the defendant, Bess Tillitt Gregory, a daughter, now about fifty-six years of age, who has no children, and the defendant, Gideon Tillitt Godfrey, a daughter, now about fifty years of age, who has one child, the defendant, Bess T. Godfrey, a minor about fourteen years of age.

It is stated in the judgment of the court below that it was agreed that for the purpose of the hearing and the judgment to be entered, the same should be limited to a proper construction of the will of Bettie F. Tillitt, now deceased, as it affects the right of the petitioner to a present partition of the real estate devised under said will.

The items in the will referred to herein with respect to the disposition of the real property of the testatrix, are as follows:

"ITEM 4: My children are each and all equally dear to me, and it is my desire that each shall have an equal benefit from my estate. I, therefore, will and devise to them my 'Brickhouse Farm,' the school lot and any other land I may own at the time of my death, for an during the term of their several lives, and should any of them die, without leaving lineal descendant, then in that event the portion going to such one, shall go to his or her surviving brother and sisters, during their natural lives, but to those who may leave child or children, I will and devise the remainder after said life estate in said real property to the children of my said deceased child or children in fee simple.

"ITEM 5: And it is my further will, and the foregoing is made subject to this, that during the life estate of my said children or any of them, if a majority of those living should decide that it was necessary for the good of all or any of my children that the timber should be sold from the lands above referred to, or any of them, I hereby give them full power and authority to sell same, or whatever portion thereof, that a majority of them living may think necessary, and I hereby vest them with full power and authority to make and execute all necessary deeds of convey-

ance to pass title to same, and the money arising from such sale or sales I direct to be divided, as above provided for the division of the land, each child having his or her equal share, and the descendants of any dead child to have the portion going to him or her, if living, and it is my will that said money shall descend as land, or as it would had the timber not been severed from the land. And should any of my children die, leaving no child or children, before he or she may have spent the money arising from the sale of said timber, such residue shall descend to his living brother and sisters, just as hereinbefore provided for the land. But if any of my children shall need said money, or shall require the expenditure of the same, during his or her life, this will places no bar to such expenditure, but should said money be invested in land, or other property, then such land or property shall go and descend, as hereinbefore mentioned, in case of the death of any of my said children, leaving no child or children, but in case any of my children die leaving child or children, then in that event, the remainder in all property herein devised to any child shall descend to his or her child or children in fee."

The court below held that under the provisions of the above will, the petitioner is an owner in fee simple of an undivided one-fifth interest in the lands owned by the testatrix, Bettie F. Tillitt, but since it cannot now be ascertained what interest she may have ultimately in the estate, and because of the power of sale vested in the surviving children, of the timber growing on the land, and the life estates of the respondents Bess Tillitt Gregory and Gideon T. Godfrey are still in existence, the petitioner is not entitled to a partition of said lands, and dismissed the proceeding at the cost of the petitioner

The petitioner and respondents appeal and assign error.

*John H. Hall and Wilson & Wilson for petitioner, appellant.*
*J. Henry LeRoy and J. W. Jennette for defendants, appellants.*

DENNY, J. Since the enactment of Chapter 214, section 2, of the Public Laws of 1887, now codified as G.S. 46-23, the owner of a fee or vested remainder in real estate as a joint tenant, or tenant in common, is entitled to a partition of the land or sale for partition of the remainder or reversion thereof. But such partition or sale of a vested remainder in real estate shall not interfere with the possession of the life tenant during the existence of his estate. *Moore v. Baker,* 222 N.C. 736, 24 S.E. 2d 749; *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341; *Baggett v. Jackson,* 160 N.C. 26, 76 S.E. 86.

It is further provided in G.S. 41-2 that: "In all estates, real or personal, held in joint tenancy, the part or share of any tenant dying, shall not descend or go to the surviving tenant, but shall descend or be vested

in the heirs, executors, or administrators, respectively, of the tenant so dying, in the same manner as estates held by tenancy in common . . ." This statute, however, does not operate to prohibit persons from entering into written contracts as to any lands, or verbal agreements as to personalty so as to make the future rights of the parties depend upon survivorship. *Taylor v. Smith,* 116 N.C. 531, 21 S.E. 202; *Jones v. Waldroup,* 217 N.C. 178, 7 S.E. 2d 366; *Wilson v. Ervin,* 227 N.C. 396, 42 S.E. 2d 468.

The testatrix, Bettie F. Tillitt, in Item 4 of her will, devised a life estate to her five children in all her real property, providing, however, that if "any of them shall die without leaving lineal descendant, then in that event the portion going to such one, shall go to his or her surviving brother and sisters, during their natural lives, but to those who may leave child or children, I will and devise the remainder after said life estate in said real property to the children of my said deceased child or children in fee simple." ·

In view of the above provisions, we hold that the remainder in which each child held a life estate prior to the death of Arkie Marchant Tillitt Grandy, was a one-fifth undivided interest, but, upon her death, without leaving a lineal descendant, the remainder in which each surviving child of the testatrix held a life estate, was increased to a one-fourth undivided interest. But when Bruce Martin Tillitt died after the death of his sister, Arkie Marchant Tillitt Grandy, leaving a lineal descendant, under the terms of the will, a one-fourth undivided interest in the devised lands vested in fee simple in the petitioner, Bettie T. Bunting, the only lineal descendant of Bruce Martin Tillitt, the deceased life tenant.

It follows, therefore, that the surviving life tenants have no estate or interest in that undivided portion of the land which passed to the petitioner under Item 4 of the will upon the death of her father, Bruce Martin Tillitt.

Moreover, since her present interest in the estate of Bettie F. Tillitt is not subject to the respective life estates of the surviving life tenants, the setting aside of her interest by way of partition, and giving her possession thereof, would not constitute an interference with the possession of the life tenants during the existence of their estates.

Furthermore, the mere fact that the petitioner may, under the provisions of the will of the testatrix, become the owner of an additional interest in the devised lands in the event either or both of the surviving life tenants die without leaving any lineal descendant, does not limit or interfere with her right to have her present fee simple interest allotted to her. *Barber v. Barber,* 195 N.C. 711, 143 S.E. 469; *Talley v. Murchison,* 212 N.C. 205, 193 S.E. 148. A base or qualified fee which may be determined on a contingency, is a vested interest in property while it

endures, and the owner of such an estate has the right to the present use and control of the property. *Pendleton v. Williams,* 175 N.C. 248, 95 S.E. 500.

The court below, among other things, assigned as a reason for denying the petitioner the relief she seeks, the fact that the testatrix, in Item 5 of her will, gave the life tenants, or a majority of those living, the right to sell the timber on the lands, or any part thereof, and to execute such deeds of conveyance as might be necessary to convey proper title thereto.

It is true that the provisions in Item 4 of the will are made subject to the right to sell the timber as provided in Item 5 thereof; however, it seems clear to us that it was the intent and purpose of the testatrix to authorize the sale of the timber, or any part thereof, only upon a decision of the majority of those living that it was necessary to do so for the good of all or any of her children. Doubtless, she realized that circumstances and conditions might arise during the existence of the life tenancies which would bring about the need for financial assistance in excess of that her children might be able to obtain from the devised lands as life tenants. In order to meet such contingency, or contingencies, she gave the life tenants the right to sell the timber. Even so, she directed that the proceeds arising from such sale, or sales, should be divided as she had provided for the division of the land, "each child having his or her equal share, and the descendant of any dead child to have the portion going to him or her, if living, and it is my will that said money shall descend as land, or as it would had the timber not been severed from the land."

The testatrix further provided that if any of her children should die, leaving no child or children, before he or she spent the proceeds from the sale of the timber, such residue should descend to his brother and sisters just as she had provided for the land. The need of the child was made the sole test of his or her right to spend the proceeds, and there was no limit on the right to use the money to meet such need. But, should the proceeds be invested in real or personal property, then such property shall go to the surviving brother and sisters upon the same terms as the land is devised if the life tenant dies without leaving a lineal descendant. Then the testatrix added this significant provision, "but in case any of my children die leaving child or children, then in that event, the remainder in all property herein devised to any child shall descend to his or her child or children in fee."

Three of the life tenants are dead. The need for the sale of the timber to aid them no longer exists. One died without leaving issue, the other two died leaving issue. The issue of these deceased life tenants had a vested remainder in the timber prior to the termination of the life estates subject to the power of sale provided in Item 5 of the will, and such

remainder, by the express terms of the will, became vested in them in fee simple upon the expiration or termination of the respective life estates. Hence, we hold that upon a partition of the premises, the right of the life tenants to sell timber would be limited to that part of the remainder in which they hold their respective life estates, plus any other unallotted or undivided interest.

There is nothing on this record to indicate the life tenants, or any of them, have at any time since the probate of the will of the testatrix in 1926, exercised their power to sell any of the timber on the devised premises, or attempted to do so, or that the surviving life tenants contemplate doing so. In any event, the conclusion we have reached does not in any way limit the rights of the surviving life tenants with respect to the timber on any portion of the lands not partitioned or allotted.

The appeal of the respondents is dismissed, and the judgment of the court below is reversed and the cause remanded for further proceeding in accordance with this opinion.

On respondents' appeal—Appeal dismissed.

On petitioner's appeal—Reversed.

VALENTINE, J., took no part in the consideration or decision of this case.