I. J. SPARROW, JR., TRADING AS SPARROW'S SUPER MARKET, v. AMERI-
    CAN FIRE & CASUALTY COMPANY (ORIGINAL PARTY DEFENDANT) AND
    COMMERCIAL NATIONAL BANK OF KINSTON, NORTH CAROLINA
    (ADDITIONAL PARTY DEFENDANT).

(Filed 2 November, 1955.)

**1. Insurance § 43½—**

The facts agreed were to the effect that an employee, while using the
employer's automobile for the performance of his duties within the munici-
pality, took the insured automobile without the knowledge or consent of
insured employer, and that the automobile was later located in a distant
state, resulting in loss to insured in a stipulated sum. *Held:* The loss
was not covered by a policy obligating insurer to pay for any direct or
accidental loss of or to the insured automobile, since under the facts agreed,
the loss was not accidental.

**2. Insurance § 45½—**

Where the facts agreed disclose that an employee, while using the em-
ployer's car for the performance of his duties within the municipality, took
the car without the knowledge or consent of insured, and that later the
automobile was found in a distant state, resulting in loss in a stipulated
sum, *held*, such loss is not covered by a policy of insurance obligating
insurer to pay for loss or damage to the automobile caused by theft, lar-
ceny, robbery or pilferage.

**3. Controversy without Action § 4—**

Where a case is tried on an agreed statement of facts, such statement
is in the nature of a special verdict, and the court is not permitted to infer
or deduce further facts from those stipulated.

APPEAL by plaintiff from *Parker, J.,* at 16 May, 1955, Term of LENOIR.

Civil action to recover on a policy of automobile theft insurance
containing comprehensive coverage clause. Jury trial was waived and
the case was heard upon an agreed statement of facts. These in sub-
stance are the facts agreed:

1. That at the times herein mentioned the plaintiff was the owner of
a 1952 model two-door Mercury automobile, insured by the defendant
insurance company.

"2. That there is attached hereto and made a part hereof a certified
copy of (the) policy issued by the defendant insurance carrier to the
plaintiff, which policy was in full force and effect on the date of the
wrongful appropriation of the said Mercury automobile by Roland
Bell, Jr., from his employer, the plaintiff, I. J. Sparrow, Jr.

"3. That on or about the 8th day of December 1953, Roland Bell, Jr.,
was in the regular employ of the plaintiff, and that the said Roland
Bell, Jr. by the direction, and with the knowledge and consent, of the
plaintiff was using the said Mercury automobile in connection with his

employment by the plaintiff for the purpose of collecting within the City of Kinston, Lenoir County, North Carolina, certain accounts receivable which were due to the plaintiff; that on or about the 8th day of December, 1953, the said Roland Bell, Jr., while in possession of the plaintiff's automobile as aforesaid, wrongfully left the City of Kinston and the State of North Carolina in the said 1952 Mercury automobile without the knowledge or consent of the plaintiff; that the said Roland Bell, Jr., and the said Mercury automobile were located on or about the 17th day of December 1953 in the City of San Antonio, State of Texas; that as a result of the said wrongful appropriation of the said automobile by the said Roland Bell, Jr., the plaintiff in this action suffered certain losses and damages, which, it is agreed by all parties hereto, amount to $1,000.00."

The pertinent insuring clauses of the policy are:

1. "Coverage F"—Comprehensive clause, which binds the insurance company "To pay for any direct and accidental loss of or damage to the automobile, . . . except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

2. "Coverage I"—Theft (Broad Form) clause, which binds the insurance company "To pay for loss of or damage to the automobile, . . . caused by theft, larceny, robbery or pilferage."

Upon the facts agreed, the court ruled as a matter of law that any loss or damage sustained by the plaintiff was not insured by the defendant insurance company under the terms of the insurance policy. From judgment entered in accordance with such ruling, the plaintiff appeals.

*LaRoque & Allen for plaintiff, appellant.*
*White & Aycock for defendant Insurance Company, appellee.*

JOHNSON, J.  The plaintiff insists that he is entitled to recover under the comprehensive clause—"Coverage F," which binds the insurance company to pay for "any direct and accidental loss of or damage to the automobile. . . ." However, to recover under this clause, it is noted that the loss or damage must be both "direct" and "accidental." In the case at hand, the facts agreed establish no element of "accidental" loss or damage as that term is commonly understood and also well defined in our decisions. See *Fletcher v. Security Life & Trust Co.*, 220 N.C. 148, 16 S.E. 2d 687; *Kirkley v. Merrimack Mutual Fire Ins. Co.*, 232 N.C. 292, 59 S.E. 2d 629.

Nor is the plaintiff entitled to recover under the "Theft (Broad Form) clause—Coverage I," which binds the insurance company to pay for loss or damage to the automobile caused by "theft, larceny, robbery or pilferage." The facts agreed do not bring the case within the meaning of this clause. See *Funeral Home v. Insurance Co.*, 216 N.C. 562, 5 S.E. 2d 520; *Auto Co. v. Insurance Co.*, 239 N.C. 416, 80 S.E. 2d 35.

Where, as here, a case is tried on an agreed statement of facts, such statement is in the nature of a special verdict, admitting there is no dispute as to the facts, and constituting a request by each litigant for a judgment which each contends arises as a matter of law on the facts agreed, and consequently the court is not permitted to infer or deduce further facts from those stipulated. *Auto Co. v. Insurance Co., supra.*

The decisions relied on by the plaintiff are distinguishable.

The judgment below is

Affirmed.