MINNIE BAKER LOCKLEAIR AND HUSBAND, GEORGE S. LOCKLEAIR, v.
EBBY MARTIN AND WIFE, PEARL MARTIN.

(Filed 11 January, 1957.)

**1. Tenants in Common § 1—**

Tenancy in common is characterized by the single unity of possession or right to possession of the common property, and cannot arise when several persons own distinct portions of a tract of land.

**2. Wills § 33a—**

Where the will devises 100 acres on the west of a described tract of land to one devisee and the balance of the tract on the east to another devisee, the devisees take in severalty and not as tenants in common, since a surveyor can take the will and locate the respective tracts without other aid.

**3. Partition § 1a—**

Tenancy in common in land is the necessary basis for the maintenance of partition proceedings.

**4. Estoppel § 4—**

Where the pleadings, theory of trial and consent order are based upon partition of the land between the parties as tenants in common, the parties are estopped by the record from maintaining that partition was not applicable.

**5. Appeal and Error § 19—**

Even when the exceptions to the findings of fact and conclusions of law are too general to comply with the Rules of Practice, the appeal itself constitutes an exception to the judgment and raises the questions whether the facts found support the judgment and whether error appears on the face of the record.

**6. Appeal and Error § 40—**

Where the court erroneously holds that tenants in severalty were tenants in common, but the judgment correctly locates the true dividing line between the lands of the parties as in a processioning proceeding, the error is harmless and cannot be ground for a new trial.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Hobgood, J.,* January, 1956 Civil Term, WAKE Superior Court.

On 1 October, 1952, Mrs. Minnie Baker Lockleair instituted a partition proceeding, in which her husband joined, against Ebby Martin, in which his wife was joined, for the purpose of partitioning a tract of land containing 120 acres described by metes and bounds. The petition alleged: (1) That the petitioner and defendant are tenants in common, seized in fee, and are in possession of the tract containing 120 acres in Wake County; (2) that the plaintiff is the owner of twenty acres lying on the east end and that the defendant is the owner of 100 acres on the west end of the described land. The prayer is for the appointment of commissioners to make the partition.

The defendant, by answer, denied the parties are tenants in common. He set up the defense that a dividing line was agreed upon 35 years before the proceeding was instituted and he alleged that he had been in adverse possession under color of title and under known and visible lines and boundaries for more than seven and more than 20 years, and plead the statutes of limitations. It may be inferred the cause was placed on the civil issue docket for trial by reason of the issues raised by the answer. Chronologically, the next step in the proceeding appears to have been a consent order entered by Judge Hubbard of the Superior Court in term, reciting (1) the parties are tenants in common of the described land, (2) actual partition can be made without injury to either party. The order named two commissioners and provided that they should select a third who were directed to make partition by first allotting 100 acres from the west end of the tract to the defendant and the remainder, if any, to the petitioner. The order was consented to by both parties and their counsel. Numerous supplemental orders followed, all entered by a Superior Court judge in term, culminating in a report filed by the commissioners on 27 May, 1955, with map attached, in which they allotted 99.55 acres on the west end of the tract to the respondent and the remainder to the petitioner. The dividing line was designated as, "Beginning at a point on Watery Branch designated as '2' running thence south one degree and 00 minutes west 2838 feet to the center of the Hopkins Chapel Road." The report was signed by two of the three commissioners. The other commissioner refused to join in the report, although he participated in the proceedings. The petitioner filed exceptions to the report and the defendant replied thereto. The one degree variation from true north and south line was to take care of the variation between the magnetic north to which the compass needle points and the true north produced by the interval of time between the original and the present surveys.

The proceeding came on for hearing at the January Term of Superior Court. A jury trial was waived by both parties and it was agreed in open court that the judge should hear the evidence, find the facts and state his conclusions of law. The court heard the testimony of 18 witnesses, nine for each party, including a number of surveyors. Upon the evidence offered, the court made extensive findings of fact, among them that both parties traced their title back to Charles R. Baker who had been allotted the 120-acre tract of land in the partition of his father's estate. Charles R. Baker's will provided:

"I give and bequeath to my beloved brother A. L. Baker (100) one hundred acres of land on the west and adjoining the lands of R. C. Mitchell and as a part of the land allotted by will from John R. Baker to me in fee simple."

"I give and bequeath to my beloved sister Mary Simon Baker 20 acres of land more or less it being the balance of land allotted to me and on the east end adjoining that of her own."

A. L. Baker devised his 100 acres to the respondent. Mary Simon Baker died intestate, leaving the petitioner as her sole heir at law.

The court overruled all exceptions to the commissioner's report, confirmed it in all respects, and ordered the report, the judgment, and the map certified by the clerk to the register of deeds to be recorded and indexed. The court ordered the true dividing line between the lands of the parties be located and permanently marked, "Beginning at a point on Watery Branch designated as number '2' and running thence south one degree and 00 minutes west 2838 feet more or less to the center of the Hopkins Chapel Road."

From the judgment, the plaintiff made the following appeal entries:

"To the foregoing findings of fact and conclusions of law, and to the judgment, plaintiffs except and give notice of appeal to the Supreme Court in open Court; further notice waived. Plaintiffs allowed until July 15, 1956, to serve case on appeal; defendants allowed until October 1, 1956, to serve exceptions or counter-case. Appeal bond fixed at $200.

/s/ HAMILTON H. HOBGOOD, Judge."

*W. H. Yarborough for plaintiff, appellant.*
*William T. Hatch for defendant, appellee.*

HIGGINS, J. Both parties concede the respondent, Ebby Martin, is entitled to have allotted to him 100 acres of the described land on the west end of the tract and that the petitioner is entitled to the remainder.

Both parties concede the proper way to divide the tract is to run a north-south line at such location as will cut off 100 acres on the west which shall be the property of the respondent, and the remainder of the tract on the east shall be the property of the petitioner.

What appears to have been a rather simple legal problem of locating the true dividing line between the adjoining landowners has been complicated by instituting a partition proceeding rather than a processioning proceeding. The petitioner charted the course of the proceeding by alleging the parties are tenants in common. This allegation is denied in the answer, but the consent order signed by the parties stipulates they are tenants in common. Also, the petition alleges, and the consent order confirms the allegation, that the defendant is the owner of 100 acres on the west end of the tract by reason of the devise in the will of A. L. Baker and the petitioner is the owner of the remainder of the 120-acre tract by inheritance from her mother.

It is certainly open to question whether the parties were ever tenants in common. Tenancy in common is characterized by a single essential unity—that of possession, or the right to possession of the common property. Tenancy in common does not arise when several persons own distinct portions of the same tract of land. Am. Jur., Vol. 14, sec. 16, pp. 87-88. "The general rule seems to be that when the will locates the lands devised . . . with such certainty that a surveyor can take the will and locate them without other aid, then the devisees would hold in severalty and not as tenants in common." *Midgett v. Midgett,* 117 N.C. 8, 23 S.E. 37; *Mitchell v. Hoggard,* 108 N.C. 353, 12 S.E. 844. "Tenancy in common in land is necessary basis for maintenance of special proceeding for partition." *Murphy v. Smith,* 235 N.C. 455, 70 S.E. 2d 697; *Gregory v. Pinnix,* 158 N.C. 147, 73 S.E. 814; G.S. 146-1; G.S. 146-3.

While we call attention to the form of tenancy in order that the Court may not be understood as agreeing that the parties are tenants in common, yet by the petition, the consent order, and the theory upon which both parties tried the case, they are estopped to deny that they are tenants in common and consequently they cannot contest the validity of the proceeding.

The petitioner's real objection is that the commissioners did not properly survey and locate the north and south perimeter lines. She contended that Watery Branch on the north was in fact a swamp and the thread of the stream is now south of its location at the time the original tract was surveyed; and that the Hopkins Chapel Road on the south has been relocated and is now north of its original location. These changes, she contended, had the effect of causing the dividing line to be located farther east than it should have been, thus reducing the acreage left to her. She contended marked lines were found cor-

roborating her claim. She offered parol evidence of these changes in the outside lines.

The defendant, on the other hand, contended there had been no change either in Watery Branch or in the Hopkins Chapel Road since the execution of the Baker will under which document both claim title. The defendant offered parol evidence to support his contention.

Judge Hobgood found facts, stated his conclusions of law, and rendered judgment confirming the report and fixing the dividing line between the lands of the parties. The plaintiff appellant did not take any exceptions in the course of the trial. However, at the time judgment was signed she gave notice of appeal in which she attempted to take exception to the findings of fact and conclusions of law. They are in such general terms as do not comply with the Rules of Practice in the Supreme Court, 221 N.C. 546 (see Rules 19(3) and 21); *Steelman v. Benfield*, 228 N.C. 651, 46 S.E. 2d 829. However, the appeal itself is an exception to the judgment and raises the questions (1) whether the facts found are sufficient to support the judgment, and (2) whether errors appear upon the face of the record. *Cannon v. Wilmington*, 242 N.C. 711, 89 S.E. 2d 595; *Ellis v. R. R.*, 241 N.C. 747, 86 S.E. 2d 406; *Casualty Co. v. Green*, 200 N.C. 535, 157 S.E. 797.

The findings of fact cover five pages of the record. They are abundantly sufficient to support the judgment. If error appears in the record, it was induced by the type of proceeding brought by the petitioner and the theory upon which the trial was conducted and by the consent order entered providing for partition. Both parties are estopped to deny the validity of the proceeding, which has been both long and expensive. This case and *Mitchell v. Hoggard*, *supra*, are strikingly similar, both in the facts and the questions of law involved. The concluding paragraph in the opinion of *Merrimon, C. J.*, in the latter case is appropriate here: "It is true, as we have seen, that the court erroneously said on the trial that the parties were tenants in common of the land, but the opinion thus expressed was immaterial and not at all pertinent. It did not in its nature mislead or distract the minds of the jury as to the issue submitted to them. It had no application. It is not suggested nor does it appear that it did. It was harmless, and therefore not ground for a new trial."

The judgment of the Superior Court of Wake County is

Affirmed.

JOHNSON, J., not sitting.