HELEN W. SMITH v. JOHN B. SMITH AND MINNIE M. SMITH.

(Filed 9 April, 1958)

**1. Controversy without Action. § 2—**

Where the parties stipulate the facts upon which the court should render judgment, the stipulated facts constitute the sole basis for decision, and the court is not permitted to infer other or additional facts.

**2. Tenants in Common § 10—**

Where one of two tenants in common conveys his interest to a third party, such third party becomes a tenant in common with the other.

**3. Partition § 1a—**

The existence of tenancy in common is prerequisite to partition, G.S. 46-1, G.S. 46-3.

**4. Partitions § 7—**

In order for reciprocal deeds executed by each tenant in common to the other to constitute a voluntary partition of the lands, intent to partition must appear either on the face of the deeds or otherwise.

**5. Same:   Husband and Wife § 14—**

Deeds executed by tenants in common for the purpose of effecting a voluntary partition, convey no title, and therefore, if a deed from one tenant to the other is executed pursuant to a plan for partition, the wife of the grantee tenant would take no interest by virtue of the deed, even though she is also named as grantee and even though the deed states that it creates an estate by the entirety in the grantees.

**6. Partition § 1c(3)—**

The existence of a life estate, even though it be in favor of one of the

tenants in common, does not preclude partition of the remainder among the tenants in common. G.S. 46-23.

**7. Appeal and Error § 49—**

Where the facts before the court are insufficient to sustain the judgment, the cause must be remanded.

APPEAL by plaintiff from *Crissman, J.,* October 1957 Term, GASTON Superior Court.

Special proceeding before the clerk for sale for partition of a described tract of land which the petitioner alleged she and the respondent, John B. Smith, held as tenants in common, subject to the life estate of Minnie M. Smith "in the four-room house and lot located on said property." The respondent, John B. Smith, by answer, admitted that Minnie M. Smith held a life estate in the described lands but denied the petitioner owned any interest therein. By way of further defense, John B. Smith alleged the tract of land involved came to him by inheritance from his father, and that the petitioner's name was inserted in his deed by mistake.

After determining that issues of fact were raised by the pleadings, the clerk transferred the proceeding to the civil issue docket for trial in term.

The parties stipulated:

"1. It is stipulated and agreed that Benjamin Franklin Smith purchased the lands involved in this matter from J. Sidney Smith, et al, by deed dated July 21, 1906, and recorded in Book 83, page 193, in the office of the Register of Deeds for Gaston County, North Carolina.

"2. It is stipulated and agreed that Benjamin Franklin Smith left as his heirs his widow, Minnie M. Smith, and two sons, Frank Rhyne Smith and John B. Smith.

"3. It is further stipulated and agreed that by deed dated April 23, 1933, Frank Rhyne Smith and wife, Cathryn K. Smith, conveyed all their interest in the Estate of Benjamin Franklin Smith to Minnie M. Smith.

"4. It is stipulated and agreed that by deed dated September 15, 1949, John B. Smith and wife, Helen W. Smith, conveyed a portion of the lands originally owned from Benjamin Franklin Smith to Minnie M. Smith by deed recorded in Book 546, page 467, in the aforementioned Registry. Said deed bears no revenue stamps and recites a consideration of '$1.00, Love and Affection, Deed of Gift.'

"5. It is further stipulated and agreed that by deed dated September 15, 1949, Minnie M. Smith, widow, conveyed a portion of

the lands originally owned by Benjamin Franklin Smith, being the portion involved in this controversy, to J. B. Smith and wife, Helen W. Smith, by deed recorded in Book 546, Page 468, in the aforementioned Registry. Said deed states a consideration of '$1.00, Love and Affection, Deed of Gift,' and bears no revenue stamps. Said deed further states after the names of J. B. Smith and wife, Helen W. Smith, 'creating an estate by entirety.' Said deed further states that the grantor, Minnie M. Smith, reserved a life estate in the four-room house, and the lot upon which it is situated.

"6. It is stipulated and agreed that on the date that the petition in this matter was filed, the petitioner's name was Helen W. Smith, but that on the date the petition was served, the said Helen W. Smith had remarried, and that her married name is Helen W. Schelper."

Petitioner testified that she and the respondent, John B. Smith, were married on August 6, 1949. Her further testimony related to matters not pertinent to the question determinative of this appeal.

The parties waived a jury trial and submitted the controversy to the judge for determination. The court entered the following judgment:

"The Court finds the following facts:

"That the land involved in this controversy is land which was inherited by J. B. Smith from his father, Benjamin Franklin Smith; that said deed from Minnie Smith to J. B. Smith and wife, Helen W. Smith, which states that it creates an estate by the entirety does not do so; that a portion of the land involved in said controversy is subject to the life estate of Minnie M. Smith, who is still living, and, as to that portion of said lands, said suit was brought prematurely;

"Now, therefore, it is ORDERED, ADJUDGED AND DECREED, based upon the foregoing findings of fact, that said John B. Smith is the sole owner of the lands involved in this controversy, subject to the life estate of Minnie M. Smith, as set out in said deed and that the plaintiff be taxed with the cost."

From the judgment, the petitioner appealed.

*Max L. Childers for petitioner, appellant.*
*Ernest R. Warren, Julius T. Sanders, for defendants, appellees.*

HIGGINS, J. The petitioner initiated this special proceeding for the purpose of having a described parcel of land sold for partition between her and the respondent, John B. Smith, alleged to be tenants

in common, "subject to the life estate in the four-room house and lot
. . . which life estate belongs to Minnie M. Smith."

The respondents, by answer, denied the tenancy in common and
alleged the petitioner had no interest in the land which descended to
the respondent, John B. Smith, by inheritance from his father. The
respondents alleged that the name of Helen W. Smith was inserted
in the deed from Minnie M. Smith by mistake. The respondents ad-
mitted, however, that Minnie M. Smith has a life estate in the land.
In the further answer and defense, the respondents pleaded other mat-
ters not material to a decision of the case.

The parties stipulated: "By deed dated September 15, 1949, Minnie
M. Smith, widow, conveyed a portion of the lands originally owned
by Benjamin Franklin Smith, being the portion involved in this con-
troversy, to J. B. Smith and wife, Helen W. Smith. . . . " It is further
stipulated: "Said deed states a consideration of '$1.00, Love and Affec-
tion, Deed of Gift.' . . . Said deed further states after the names of
J. B. Smith and wife, Helen W. Smith, 'creating an estate by entirety.' "

The deeds referred to in the stipulations are not in the record and
there is nothing to indicate they were introduced in evidence. The only
evidence actually introduced was the testimony of the petitioner that
she and the respondent, J. B. Smith, were married on August 6, 1949,
and that she thereafter turned over to her husband certain sums of
money which were used in drilling a well and making repairs on the
house. "John B. Smith did not ever tell me my name had got on that
deed by mistake. It was my understanding that was the way the deed
was supposed to be made, otherwise I wouldn't have married him,
and that is the reason I put my money in the property."

It may be noted the rights of the petitioner to an accounting for
improvements put upon land under the belief she held title is not an
issue raised by the pleadings in this case. The petitioner's evidence does
not bear on the issue whether the petitioner and John B. Smith are
tenants in common. It may be noted also that if the petitioner's conten-
tion is correct that the deed created an estate by entirety, a divorce
would be necessary to convert such estate into a tenancy in common.
There is no evidence and no stipulation of a divorce. The stipulation
does not go beyond the fact that she remarried. Therefore, the court's
judgment, which is excepted to, must stand or fall on the stipulations.

The stipulations constitute an agreed statement of facts in the cause.
Decision must be based on the facts agreed. The court is not permitted
to infer other, or additional facts. *Sparrow v. Casualty Co.*, 243 N.C.
60, 89 S.E. 2d 800; *Auto Co. v. Ins. Co.*, 239 N.C. 416, 80 S.E. 2d 35.

The court decided (1) the land involved was inherited by John B.
Smith from his father; (2) the deed from Minnie M. Smith to J. B.
Smith and wife, Helen W. Smith, which states it creates an estate by

entirety does not do so; and (3) the proceeding is prematurely instituted as to that part of the land in which Minnie M. Smith holds a life estate.

The stipulations are sufficient to show that in 1906 Benjamin Franklin Smith acquired a tract of land and at his death he left a widow, Minnie M. Smith, and two sons, Frank Rhyne Smith and the respondent, John B. Smith, as his heirs at law. Frank Rhyne Smith conveyed all his interest to his mother, Minnie M. Smith. The result was she and John B. Smith held the Benjamin Franklin Smith lands as tenants in common, subject to her dower interest. On September 15, 1949, John B. Smith and wife, Helen, by deed, conveyed a portion of the lands to Minnie M. Smith. The deed recites a consideration of "$1.00, Love and Affection, Deed of Gift." The stipulation contains no description of the land, but refers to the registry where the deed is recorded. On the same day and for the same stated consideration, *Minnie M. Smith conveyed to John B. Smith and wife, Helen W. Smith, the lands in controversy.* "Said deed further states after the names of John B. Smith and wife, Helen W. Smith 'creating an estate by entirety.'" It must be noted the stipulation says Minnie M. Smith *conveyed* the land in controversy to John B. Smith and wife, Helen W. Smith. The court held John B. Smith inherited it from his father. The court held, also, that Minnie's deed did not convey an estate by entirety to Helen. What estate, if any, it did convey is not decided. The crucial question is, did it create a tenancy in common? Such a tenancy is the foundation upon which partition is based. G.S. 46-1 and 46-3; *Lockleair v. Martin,* 245 N.C. 378, 96 S.E. 2d 24; *Murphy v. Smith,* 235 N.C. 455, 70 S.E. 2d 697; *Gregory v. Pinnix,* 158 N.C. 147, 73 S.E. 814.

. We apprehend the difficulty in the case arose by reason of the attempt on the part of the court to treat the deeds of September 15, 1949, as a voluntary partition of the property held by Minnie M. Smith and John B. Smith as tenants in common. What, if anything, the deeds show beyond the stipulated facts is unknown. Neither the trial court nor this is permitted to guess. The facts stipulated are insufficient to show the deeds were intended by the parties to be a voluntary partition of their lands. It seems that in order to show the deeds were executed pursuant to a scheme or plan to divide lands held by tenancy in common, there must be evidence to that effect on the face of the deeds, or the intent must otherwise appear. *Morton v. Lumber Co.,* 154 N.C. 278, 70 S.E. 467.

If it should be determined the deeds are partition deeds, the petitioner would derive no title. "Accordingly, a deed made by one tenant in common to a cotenant and the latter's spouse in partitioning inherited land or land held as a tenancy in common, does not create

an estate by the entirety or enlarge the marital rights of the spouse as previously fixed by law." *Elledge v. Welch*, 238 N.C. 61, 76 S.E. 2d 340; *Sutton v. Sutton*, 236 N.C. 495, 73 S.E. 2d 157. Consequently, if the deed to John B. Smith and Helen W. Smith was a partition deed, it makes no difference whether the name of Helen W. Smith was inserted by design or by mistake. In neither event did she acquire any title.

The trial court erroneously held the partition proceeding was prematurely brought by reason of the outstanding life estate of Minnie M. Smith in a part of the land. G.S. 46-23 provides: "The existence of a life estate in any land shall not be a bar to a sale for partition of the remainder or reversion thereof, . . ." *Bunting v. Cobb*, 234 N.C. 132, 66 S.E. 2d 661; *Moore v. Baker*, 222 N.C. 736, 24 S.E. 2d 749; *Baggett v. Jackson*, 160 N.C. 26, 76 S.E. 86.

The petitioner's exception to judgment is well taken. The facts before the court were insufficient to sustain the judgment for the reasons herein pointed out. The cause is remanded to the Superior Court of Gaston County for further hearing.

Remanded.