HORTON, Acting Chief Judge.
The appellant, plaintiff below, appeals from a final judgment entered consequent upon the granting of appellee’s motion to dismiss. The motion to dismiss was premised upon the ground that the complaint failed to state a cause of action and the final judgment was entered after the motion to dismiss was granted with leave to amend, upon the appellant’s election not to amend.
The appellant sued upon an automobile insurance policy issued by the appellee, covering appellant’s 1951 Chevrolet automobile. The portion of the policy upon which appellant seeks recovery, and as is set out in the bill of complaint, is as follows :
“Coverage D — Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset. To pay for my direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset.” [Emphasis supplied.]
The complaint then charged a theft of the automobile in August, 1954, a notification to him by appellee of its recovery in November, 1954, and further notification on December 29, 1954, by appellee to pick up the automobile in the state of Illinois; that by reason of the theft of and damage to the automobile, the appellant had sustained damages.
The appellant contends that loss by theft was within the contractual terms of the appellee’s policy and was a loss that was “direct and accidental”. The appellee contends to the contrary. The trial court concluded that the complaint failed to state a cause of action and thereby impliedly held as a matter of law that the theft of the automobile was not a “direct and accidental loss of or damage to the automobile” within the meaning of the terms of the policy of insurance. In this we concur.
To state a cause of action within the terms of appellant’s policy of insurance, *596 he is required to allege facts that bring the claim within these terms. The complaint must allege facts from which it would appear the loss of or damage to the automobile was “direct and accidental”. It was the loss of or damage to the appellant’s automobile and not a theft thereof that was insured against under the terms of the ap-pellee’s policy. It is one thing to insure against the happening of a contingency but still another to insure against loss occasioned by the happening of a contingency. Undoubtedly the appellant sustained a loss as a result of the theft, but the loss was not direct and accidental. See Sparrow v. American Fire & Casualty Company, 1955, 243 N.C. 60, 89 S.E.2d 800 and cases cited therein; Farmers’ Insurance Exchange v. Wallace, Tex.Civ.App.1955, 275 S.W.2d 864, 865. The theft may have resulted in the loss of use by appellant of his automobile, but we are not called upon here to determine that question.
The terms of the policy of insurance under which appellant seeks recovery are clear and unambiguous and do not require or admit of an interpretation on our part.
Accordingly, the final judgment appealed should be and it is hereby affirmed.
Affirmed.
PEARSON, J., concurs.
BARNS, PAUL D., Associate Judge, dissents.