HORTON, Judge.
Appellant, owner of an automobile insured by appellee, made claim for the loss thereof when the automobile disappeared from appellant’s home. The automobile has never been recovered. The appellant purchased insurance coverage and paid premiums for coverage under items listed in the policy as "Coverage A,” “Coverage B,” and “Coverage G.[1]” Coverage under item “D [2]” listed in the policy was not purchased by appellant, nor did he pay a premium for that coverage. After the disappearance of appellant’s automobile, he reported it to the police and to the appellee insurer, subsequently making claim for the loss by reason of the disappearance. After demand by appellant for payment of his loss and appellee’s refusal, this action was instituted. After depositions and interrogatories, the appellee moved for and was granted a summary judgment. This appeal followed.
The appellee contends this case is controlled by the holding in Frank v. State Farm Mutual Automobile Insurance Co., Fla.App.1959, 109 So.2d 594. The appellant just as strenuously contends to the contrary and attempts to distinguish the Frank Case from the case at bar.
Without deciding which of the two contentions is correct, we point out that appellant is attempting to recover the value of his automobile lost as the result of a theft or disappearance, whereas from the face of the policy of insurance, it affirmatively appears that the appellant did not purchase or pay premiums for such coverage. Since the specific provisions of the policy (Coverage D) which the appellant did not purchase provide for the payment of loss of or damage to an automobile caused by theft, larceny, robbery or pilferage, the appellant is in no position to claim this advantage under the policy. He purchased insurance covering collision and upset and direct and accidental loss of or damage to the automobile, but not loss caused by a theft. His claim in this instance was excluded under the terms of the *441 policy and its terms are not ambiguous nor does it require any interpretation.
*440 “Coverage G — [not material to decision in this case]” [Emphasis supplied.]
*441 It follows that the judgment appealed should be and is hereby affirmed.
Affirmed.

. “Coverage A — Comprehensive Loss of or Damage to the Automobile
"Except by Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."
“Coverage B — Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile.”

. “Coverage D — Theft (Broad Eorm) :
To pay for loss of or damage to the automobile, hereinafter called loss, caused by theft, larceny, robbery or pilferage." [Emphasis supplied.]